## Case No. 7,031.

### The INFANTA.

[Abb. Adm. 327.] [1]

District Court, S. D. New York. July, 1848.

J. Larocque, for the motion.
Wm. Wordsworth, opposed.

BETTS. District Judge. In suits in the admiralty courts, each party is required to give security apud acta, in open court, or by bail or stipulation out of court, on initiating an action or defence. Dist. Ct. Rule 44; Sup. Ct. Rule 5. This proceeding was attended with much formality under the ancient practice, and became a branch of critical learning, and of no inconsiderable perplexity. The topic is ably investigated by Judge Ware, in Lane v. Townsend [Case No. 8,054], and the methods pursued are pointed out in Clarke, Praxis, Adm. tit. 4–12; 2 Browne, Civ. & Adm. Law, 356. The subject is now one rather of curious inquiry than of practical importance in this court,

[1] [Reported by Abbott Brothers.]

because it is here fully regulated by the standing rules of this and the supreme court, at least in so far as the points arising under these motions are concerned. To effectuate the appeal so as to suspend execution on the decree in this court, it was necessary for the libellants to give security by stipulation within ten days after the decree was rendered (Dist. Ct. Rule 153), and also to serve upon the claimant four days' notice of the names of the sureties proposed, and of the time and place of giving the stipulation. Rule 154. The libellants, if resident within the district, must execute the stipulation personally, with at least one surety resident therein. Non-resident parties must supply at least two sureties. Rule 59. This seems to be the usual course of practice in the American courts of admiralty, and the formal steps for carrying out the regulations are indicated in the elementary books. Dunl. Adm. Prac. 155, 156; Betts, Adm. 25, 26.

The allegations set forth in the papers, upon which this motion is founded and attested to on the part of the claimants, are contradicted and repelled by the greater weight of evidence given in behalf of the libellants, except that both libellants are not proved to have been residents of this district at the time the stipulations were executed. They were transient seamen, employed backwards and forwards in voyages between New York, the West Indies, and Portland in Maine.

The sole defect or irregularity established by the proofs, then, is that two sureties were not furnished in the stipulations objected to. All the proceedings excepted to by the claimant took place with his full knowledge in May last, but he has forborne applying for relief against the alleged irregularities until the present term of July.

It is the settled practice of this, and it is believed of all other courts, that irregularities of proceeding, known to the party concerned, must be objected to at the first legal opportunity in court, after the time of its occurrence. If the fraction of the May term remaining after the steps had been taken by the stipulators to justify their sufficiency might be disregarded by the claimant, yet he was bound to make his objections to the stipulations at the June term, or he will be held to have waived all exceptions to matters of irregularity.

One surety is sufficient in the stipulations, where the principal is a resident within the district, and it is not indispensable to the validity of a stipulation in any case, that it be executed by two sureties. It is a privilege of the party, which he may enforce or not, at his option. Dist. Ct. Rule 59. It would be grossly inequitable to suffer the claimant to stand by and witness the signature of the stipulations by one surety only, without objecting to it, and subsequently permit him to vacate the act for irregularity. The signatures of two sureties are not vital to the stipulation. It is a formality only, which the opposite party may waive, and which, under the facts, the court will deem him to have done in this instance. This would be done on general principles; but there are additional reasons why the most liberal intendments and presumptions should be applied in favor of seamen, to uphold their acts, and prevent sharp practice to their disadvantage, in litigations for the recovery of their wages. The claimants may have now selected a time to exact their present execution of the stipulations, when they are absent on foreign voyages, and their present inability to fulfill that formality might bar their seeking relief by appeal from the decisions made in this court against their demands; and the addition of their names to the stipulations may usually be regarded as the emptiest formality, for it is not to be supposed that the personal responsibility of men of their class can supply any aid to the obligations, or any pecuniary advantage to the claimant. Independent of the laches of the claimant, in delaying his application to the court for a period of six weeks after notice of this informality, if it be one, I hold that the claimant must be deemed to have intentionally waived the execution of the stipulations by the libellants. The motions are accordingly both denied. Order accordingly.